UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>    Plaintiff,<br><br>  v.<br><br>R. SINGH, et al.,<br><br>    Defendants. | No. 2: 20-cv-1664 TLN KJN P<br><br><br>FINDINGS AND RECOMMENDATIONS |

  Plaintiff is a state prisoner, proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

  For the reasons stated herein, the undersigned recommends that plaintiff's application to proceed in forma pauperis be denied.

  The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize the commencement and prosecution of any suit without prepayment of fees by a person who submits an affidavit indicating that the person is unable to pay such fees. However, a prisoner may not proceed in forma pauperis

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury.

28 U.S.C. § 1915(g). Such rule, known as the "three strikes rule," was "designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good." Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052 (9th Cir. 2007). To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

Review of court records reveals that on at least three occasions lawsuits filed by the plaintiff have been dismissed on the grounds that they were frivolous or malicious or failed to state a claim upon which relief may be granted.[1] Prior to the date plaintiff initiated this action on August 19, 2020, the following cases filed by plaintiff were dismissed as set forth below:

1. Diallo v. Yarborough, Case No. 2:03-cv-05401-JVS-VBK (C.D. Cal. February 5, 2004) (Report and Recommendation ["R&R"] to Grant Defendants' Motion to Dismiss Complaint for failure to state a claim ("The allegation of the Complaint are insufficient to state a claim against each individual defendant upon which relief can be granted."); adopted April 16, 2004) (Order Accepting R&R Granting Defendants' Motion to Dismiss, and Directing that Judgment be entered dismissing action without prejudice).

2. Diallo v. Moskowitz, Case No. 2:07-cv-07109-JVS-VBK (C.D. Cal. June 1, 2009) (Amended R&R Granting Defendants' Motion to Dismiss Complaint; adopted July 6, 2009 (Order Accepting and Adopting Amended R&R and dismissing the Complaint, "and the action, with prejudice.").

////

---

[1] A court may take judicial notice of court records. See, e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n.2 (9th Cir. 2002) ("[W]e may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue") (internal quotation omitted).

3.  Diallo v. Greenman, Case No. 2:07-cv-02937-JVS-VBK (C.D. Cal. Sept. 21, 2009) (R&R Granting Defendants' Motion to Dismiss First Amended Complaint) ("[T]he allegations of the First Amended Complaint are insufficient to state a federal civil rights claim against Defendants.")); adopted Oct. 27, 2009 (Order Accepting & Adopting R&R and Dismissing First Amended Complaint, "and the action, with prejudice.").

4.  Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK (C.D. Cal.).  In this case, plaintiff's complaint was dismissed for failure to state a claim, with leave to amend.  Plaintiff failed to amend, and this case was subsequently dismissed based on plaintiff's failure to amend.  See id., ECF No. 5 at 5 n.1.  "[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, and (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g)."  Harris v. Mangum, 863 F.3d 1133, 1143 (9th Cir. 2017).  Therefore, Uhuru v. Spagnola, Case No. 2:09-cv-05582-JVS-VBK also constitutes a strike under 28 U.S.C. § 1915(g).

All four of the above cases constitute strikes that were final prior to the date plaintiff filed this action.  Therefore, the undersigned concludes that plaintiff has sustained three strikes under 28 U.S.C. § 1915(g).

Because plaintiff has sustained three strikes, plaintiff is precluded from proceeding in forma pauperis in this action unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), an inmate must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  That is, the

1  "imminent danger" exception is available "for genuine emergencies," where "time is pressing"
2  and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

3  Plaintiff's complaint contains three claims for relief.  For the reasons stated herein, the
4  undersigned finds that none of these claims for relief demonstrates that plaintiff is "under
5  imminent danger of serious physical injury."

6  In claim one, plaintiff alleges that he was denied his right to participate in a religious fast
7  during the months of August 2019 and August 2020 in violation of his First Amendment right to
8  practice his religion and also in retaliation for requesting the removal of a Christian cross from
9  the chapel.  These allegations do not demonstrate that plaintiff is under imminent danger of
10 serious physical injury.

11 In claim one, plaintiff also alleges that he has been suffering from a "ruptured and torn"
12 crown since January 14, 2020.  Plaintiff alleges that due to the ruptured and torn crown, he cannot
13 chew on one side of his mouth because the torn metal cuts his tongue.  Plaintiff alleges that
14 defendant dentist Scamurra denied his emergency request for treatment of the crown.

15 For the following reasons, the undersigned does not find that plaintiff's allegations
16 regarding his ruptured and torn crown meet the imminent physical injury exception.  Most
17 importantly, plaintiff does not allege that he suffers any significant pain as a result of his ruptured
18 and torn crown.  The undersigned also observes that in his request for relief, plaintiff does not
19 request treatment of the crown.  Plaintiff's allegations that he must chew on one side of his mouth
20 due to the ruptured and torn crown demonstrate that eating with the broken crown is
21 uncomfortable for plaintiff.  However, these allegations do not meet the imminent serious
22 physical injury exception to section 1915(g).

23 In claim one, plaintiff also generally alleges that due to his documented disabilities, he has
24 been denied sunlight, fresh air and outdoor exercise.  These conclusory allegations do not meet
25 the imminent serious injury exception to section 1915(g).

26 In claim two, plaintiff alleges that defendant Law Librarian Chaudrhy read plaintiff's
27 outgoing legal mail and refused to make copies of legal documents for plaintiff.  Plaintiff also
28 alleges that defendant Brown stole plaintiff's religious materials including a medallion and prayer

4

shawl. These allegations against defendants Chaudrhy and Brown do not meet the imminent serious physical injury exception to section 1915(g).

In claim three, plaintiff alleges that defendant Michels admitted to plaintiff that he (defendant Michels) was unqualified to work as a counselor. Plaintiff also claims that defendant Michels racially discriminated against plaintiff when defendant Michels denied plaintiff's request to speak with him during "open line," fabricated plaintiff's BPH forms and issued a false rules violation report against plaintiff. These allegations do not meet the imminent serious physical injury exception to section 1915(g).

In claim three, plaintiff also alleges that defendant Solis put plaintiff's life in danger on February 8, 2019 when she denied plaintiff's request for a lower tier/lower bunk/single cell and "coerced" plaintiff to house in an upper tier. Plaintiff alleges that as a result of being housed in the upper tier, plaintiff fell down a flight of stairs from an upper to a bottom floor. These claims against defendant Solis occurred over one year before plaintiff filed this action on August 19, 2020. Plaintiff does not claim that at the time he filed the instant action, he was housed in an upper tier or upper bunk. For these reasons, the undersigned finds that plaintiff's allegations against defendant Solis do not meet the imminent serious physical danger exception to section 1915(g).

In claim three, plaintiff also alleges that defendant Singh denied plaintiff's request for permanent single cell status, apparently in June 2020. Plaintiff alleges that he requires single cell status because he suffers from Post-Traumatic Stress Disorder ("PTSD") and permanent incontinence. Plaintiff's conclusory allegations that he requires single cell status due to PTSD and permanent incontinence do not demonstrate that he suffers an imminent threat of serious physical injury if he does not receive single cell status. For these reasons, the undersigned finds that plaintiff's allegations against defendant Singh do not meet the imminent serious physical danger exception to section 1915(g).

Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's application to proceed in forma pauperis (ECF No. 7) be denied; plaintiff be ordered to pay the $400 filing fee within thirty days of the adoption of these findings and recommendations.

1   These findings and recommendations are submitted to the United States District Judge
2 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days
3 after being served with these findings and recommendations, plaintiff may file written objections
4 with the court and serve a copy on all parties.  Such a document should be captioned
5 "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that
6 failure to file objections within the specified time may waive the right to appeal the District
7 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8 Dated:  September 16, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Uh1664.den