UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. SINGH, et al.,<br><br>　　　　　Defendants. | No. 2: 20-cv-1664 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On September 17, 2020, the undersigned recommended that plaintiff's application to proceed in forma pauperis be denied on the grounds that plaintiff had three strikes pursuant to 28 U.S.C. § 1915(g). (ECF No. 8.) The undersigned also found that plaintiff did not meet the "imminent danger" exception to 28 U.S.C. § 1915(g). (Id.)

    On September 30, 2020, plaintiff filed objections to the findings and recommendations. (ECF No. 9.) In his objections, plaintiff alleges sufficient facts demonstrating that he may meet the imminent danger exception as to his claim alleging that defendant Scamurra provided inadequate dental care. (Id.) Accordingly, the September 17, 2020 findings and recommendations are vacated and plaintiff's application to proceed in forma pauperis is granted. However, the undersigned herein recommends dismissal of plaintiff's remaining claims on the

grounds that they are improperly joined with the claim against defendant Scamurra.

Application to Proceed In Forma Pauperis

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

Discussion

*Plaintiff's Claims*

In claim one, plaintiff alleges that he was denied his right to participate in a religious fast during the months of August 2019 and August 2020 in violation of his First Amendment right to practice his religion and in retaliation for requesting the removal of a Christian cross from the chapel. (ECF No. 1.)

In claim one, plaintiff also alleges that he has been suffering from a "ruptured and torn" crown since January 14, 2020. (Id.) Plaintiff alleges that due to the ruptured and torn crown, he cannot chew on one side of his mouth because the torn metal cuts his tongue. (Id.) Plaintiff alleges that defendant dentist Scamurra denied his emergency request for treatment of the crown. (Id.)

In claim one, plaintiff also generally alleges that due to his documented disabilities, he has been denied sunlight, fresh air and outdoor exercise. (Id.)

In claim two, plaintiff alleges that defendant Law Librarian Chaudrhy read plaintiff's outgoing legal mail and refused to make copies of legal documents for plaintiff. (Id.) Plaintiff

2

also alleges that defendant Brown stole plaintiff's religious materials including a medallion and prayer shawl.  (Id.)

In claim three, plaintiff alleges that defendant Michels admitted to plaintiff that he (defendant Michels) was unqualified to work as a counselor.  (Id.)  Plaintiff also claims that defendant Michels racially discriminated against plaintiff when defendant Michels denied plaintiff's request to speak with him during "open line," fabricated plaintiff's BPH forms and issued a false rules violation report against plaintiff.  (Id.)

In claim three, plaintiff also alleges that defendant Solis put plaintiff's life in danger on February 8, 2019 when she denied plaintiff's request for a lower tier/lower bunk/single cell and "coerced" plaintiff to house in an upper tier.  (Id.)  Plaintiff alleges that as a result of being housed in the upper tier, plaintiff fell down a flight of stairs from an upper to a bottom floor.  (Id.)

In claim three, plaintiff also alleges that defendant Singh denied plaintiff's request for permanent cell status, apparently in June 2020.  (Id.)  Plaintiff alleges that he requires single cell status because he suffers from Post-Traumatic Stress Disorder ("PTSD") and permanent incontinence.  (Id.)

*Analysis*

In the September 17, 2020 findings and recommendations, the undersigned found that none of the allegations in plaintiff's complaint demonstrated that he was "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns on conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.  See Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).

In the September 17, 2020 findings and recommendations, the undersigned observed that plaintiff did not request treatment of the torn and ruptured crown in his request for relief.  (ECF No. 8 at 4.)  Plaintiff also did not allege that he suffered any significant pain as a result of his torn and ruptured crown.  (Id.)  The undersigned found that plaintiff's allegations that he must chew on one side of his mouth due to the torn and ruptured crown demonstrated that eating with the broken crown was uncomfortable, but did not meet the imminent danger exception to section 1915(g).  (Id.)

3

1       In his objections, plaintiff alleges that he suffers from continuous pain and suffering due
2  to the lack of dental treatment for his torn and ruptured crown.  (ECF No. 9 at 10.)  Plaintiff
3  alleges that his molar with the torn and ruptured crown is now infected.  (Id.)  Plaintiff alleges
4  that he was told that no dental services were available due to COVID-19.  (Id.)

5       The undersigned finds that plaintiff's claim in his objections that he suffers from
6  continuous pain and suffering due to the lack of dental treatment for his torn and ruptured crown,
7  and that his molar is now infected, may meet the imminent physical injury exception to section
8  1915(g).  For this reason, the September 17, 2020 findings and recommendations are vacated and
9  plaintiff's application to proceed in forma pauperis is granted.

10      Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one
11 action as defendants if "any right to relief is asserted against them jointly, severally, or in the
12 alternative with respect to or arising out of the same transaction, occurrence, or series of
13 transactions or occurrences" and "any question of law or fact common to all defendants will arise
14 in the action." Fed. R. Civ. P. 20(a)(2).  See also George v. Smith, 507 F.3d 605, 607 (7th Cir.
15 2007) ("Unrelated claims against unrelated defendants belong in different suits").

16      Plaintiff's claim that defendant Scamurra denied him emergency dental treatment for his
17 torn and ruptured crown is unrelated to the claims alleged against the other defendants in the
18 complaint.  For this reason, the undersigned finds plaintiff's claims are improperly joined, in
19 violation of Federal Rule of Civil Procedure 20.  Accordingly, plaintiff may proceed only with his
20 claim against defendant Scamurra.  The undersigned recommends dismissal of the remaining,
21 unrelated claims on the grounds that they are improperly joined.

22      As discussed above, plaintiff does not expressly seek injunctive relief related to his
23 allegedly torn and ruptured crown.  Plaintiff appears to only seek money damages for this claim.
24 Plaintiff's failure to request injunctive relief undermines plaintiff's claim that his failure to
25 receive dental care for his torn and ruptured crown meets the imminent danger exception.

26      Accordingly, plaintiff's claim against defendant Scamurra is dismissed with leave to
27 amend.  Plaintiff is granted thirty days to file an amended complaint containing *only* his claim
28 alleging that defendant Scamurra failed to treat his torn and ruptured crown, which caused him to

4

suffer continuous pain and suffering. Plaintiff's amended complaint shall include a request for damages and injunctive relief with respect to this claim (unless plaintiff is not seeking injunctive relief).

If the undersigned finds that plaintiff's amended complaint does not meet the imminent danger exception, he will recommend that the order granting plaintiff's application to proceed in forma pauperis be withdrawn.

Motion for Appointment of Counsel

Plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently

herewith.

3. Plaintiff's claims against defendant Scamurra are dismissed with thirty days to file an amended complaint; failure to file an amended complaint within that time will result in a recommendation of dismissal of this action;

4. The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner;

5. The September 17, 2020 findings and recommendations (ECF No. 8) are vacated;

6. Plaintiff's motion for appointment of counsel (ECF No. 10) is denied;

IT IS HEREBY RECOMMENDED that all claims in plaintiff's complaint, but for the claim alleging inadequate dental care against defendant Scamurra, be dismissed on the grounds that they are improperly joined.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  October 8, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Uh1664.56

6