UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>  Plaintiff,<br><br>  v.<br><br>R. SINGH, et al.,<br><br>  Defendants. | No.  2: 20-cv-1664 TLN KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's amended complaint.  (ECF No. 20.)  For the reasons stated herein, the undersigned separately orders service of defendant Scamurra as to the claim that he provided inadequate dental care.  The undersigned recommends dismissal of the remaining claims on the grounds that they are improperly joined.

Plaintiff has three strikes pursuant to 28 U.S.C. § 1915(g).  (ECF No. 8.)

On October 9, 2020, the undersigned recommended dismissal of all claims raised in the original complaint, but for the claim alleging that defendant Scamurra provided inadequate dental care, on the grounds that they were improperly joined.  (ECF No. 11.)  On October 9, 2020, the undersigned also found that plaintiff may be able to meet the imminent serious physical injury exception to section 1915(g) with respect to his claims against defendant Scamurra.  (Id.)  Accordingly, the undersigned dismissed plaintiff's complaint with leave to file an amended

1

complaint only with respect to the claims against defendant Scamurra.  (Id.)

Plaintiff's amended complaint violates the October 9, 2020 order in that it is not limited to plaintiff's claims against defendant Scamurra.  Nevertheless, the undersigned herein screens plaintiff's amended complaint. (ECF No. 20.)  Named as defendants in the amended complaint are Chief Medical Physician Singh, Librarian Chaudhray, Kim Peterson, Ms. Brown, Karla Solis, Mr. Michaels and Dr. Scamurra.  (Id. at 1, 3.)

In claim one, plaintiff alleges violations of the First Amendment and the California Constitution.  (Id. at 5.)  Plaintiff alleges that defendant Peterson denied him his right to practice his religion by burdening his ability to fast for 31 days during the month of August.  (Id.) Plaintiff also appears to claim that he was denied his right to receive food with religious significance.  (Id.)  Plaintiff alleges that defendant Brown destroyed his prayer shawl, Tallith and Star of David Medallion.  (Id.)  Plaintiff alleges that defendants Singh and Peterson refuse to provide plaintiff with a Kosher Meal I.D. card.  (Id.)

In claim two, plaintiff alleges violation of the Fourteenth Amendment and the California Constitution.  (Id. at 6.)  Plaintiff alleges that defendants read his legal papers.  (Id.)  Plaintiff also alleges that defendants enacted "underground rules" that burdened his practice of his religion. (Id.)  Plaintiff alleges that defendants denied his grievances, eliminated group appeals and created false priority passes.  (Id.)

In claim three, plaintiff alleges violation of the Eighth Amendment and the California Constitution.  (Id. at 7.)  Plaintiff also alleges that defendant Singh violated the Age Discrimination in Employment Act ("ADEA") by discriminating against plaintiff, a medically disabled prisoner, based on plaintiff's age.  (Id.)  Plaintiff alleges that defendant Singh denied plaintiff unrestricted access to his cell in violation of the Americans with Disabilities Act ("ADA"), which he required in order to clean himself due to incontinence.  (Id.)  Plaintiff also appears to allege that he was sexually assaulted by defendant Brown on January 29, 2020. (Id.)

Plaintiff alleges that defendant Scamurra denied him emergency dental treatment for his ruptured and torn crown, which causes plaintiff unnecessary pain and suffering.  (Id.)  Plaintiff alleges that his tooth became infected as a result of defendant Scamurra's failure to order

2

1 emergency dental treatment.  (Id.)  Plaintiff alleges that the torn metal in his crown could have
2 easily been replaced.  (Id.)  Plaintiff alleges that he is seeking injunctive relief and money
3 damages based on defendant Scamurra's failure to treat his ruptured and torn crown.  (Id.)
4       Plaintiff alleges that defendant Solis failed to treat plaintiff's seizures, which caused
5 plaintiff to fall.  (Id.)
6       The amended complaint does not allege when defendant Scamurra denied plaintiff's
7 request for emergency dental treatment.  However, in the original complaint filed August 19,
8 2020, plaintiff alleged that he has suffered from the torn and ruptured crown since January 14,
9 2020. (ECF No. 1 at 5.)  In objections filed September 30, 2020, plaintiff alleges that he was told
10 that no dental services were available due to COVID-19.  (ECF No. 9 at 10.)  Based on these
11 allegations, and plaintiff's claims that he suffers from ongoing pain and that his tooth became
12 infected as a result of not receiving emergency dental treatment, and plaintiff's request for
13 injunctive relief as to his claims against defendant Scamurra, the undersigned reasonably infers
14 that plaintiff has still not received treatment for his torn and ruptured crown.  For these reasons,
15 the undersigned finds that plaintiff has pled sufficient facts demonstrating that he meets the
16 imminent serious physical injury exception to section 1915(g) as to his claim against defendant
17 Scamurra.  See Womack v. H. Tate, 2020 WL 3799205, at *1 (9th Cir. May 19, 2020) (district
18 court improperly denied appellant's application to proceed in forma pauperis pursuant to section
19 1915(g) because appellant made plausible allegations that he was "under imminent danger of
20 serious physical injury" at the time he lodged the complaint, including that appellant was in
21 excruciating pain and that defendants had discontinued appellant's pain medication and mobility
22 vest ordered by the doctor at the facility where the appellant was previously housed) (citing
23 Andrews v. Cervantes, 493 F.3d 1047, 1055 (9th Cir. 2007) (an exception to the three-strikes rule
24 exists "if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of
25 serious physical injury' at the time of filing"); Williams v. Paramo, 775 F.3d 1182, 1189-90 (9th
26 Cir. 2015) ("[T]he limited office of § 1915(g) in determining whether a prisoner can proceed in
27 forma pauperis counsels against an overly detailed inquiry into the allegations that qualify for the
28 exception.")).  Accordingly, the undersigned separately orders service of defendant Scamurra.

1  Federal Rule of Civil Procedure 20(a) provides that all persons may be joined in one
2  action as defendants if "any right to relief is asserted against them jointly, severally, or in the
3  alternative with respect to or arising out of the same transaction, occurrence, or series of
4  transactions or occurrences" and "any question of law or fact common to all defendants will arise
5  in the action." Fed. R. Civ. P. 20(a)(2). See also George v. Smith, 507 F.3d 605, 607 (7th Cir.
6  2007) ("Unrelated claims against unrelated defendants belong in different suits.")

7  Plaintiff's claim that defendant Scamurra denied plaintiff emergency dental treatment for
8  his torn and ruptured crown is unrelated to the remaining claims alleged in the amended
9  complaint.  For this reason, the undersigned finds that plaintiff's claims are improperly joined, in
10 violation of Federal Rule of Civil Procedure 20.  Plaintiff may proceed only with his claim
11 against defendant Scamurra.  Accordingly, the undersigned recommends dismissal of the
12 remaining unrelated claims on the grounds that they are improperly joined.[1]

13 On January 6, 2021, plaintiff filed a third motion for the appointment of counsel.  (ECF
14 No. 22.)  For the reasons stated in the October 9, 2020 and December 30, 2020 orders denying
15 plaintiff's previous motions for appointment of counsel, plaintiff's third motion for appointment
16 of counsel is denied.  (See ECF Nos. 11, 19.)

17 Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for appointment of
18 counsel (ECF No. 22) is denied; and

19 IT IS HEREBY RECOMMENDED that all claims in the amended complaint, but for the
20 claim alleging inadequate dental care against defendant Scamurra, be dismissed as improperly
21 joined.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[1] It appears that several claims raised in the amended complaint may have been raised in the original complaint.  The undersigned previously recommended that all claims raised in the original complaint, but for the claim against defendant Scamurra, be dismissed as improperly joined. (ECF No. 11.)  Because plaintiff's claims are difficult to understand, in an abundance of caution, the undersigned recommends that all claims raised in the amended complaint but for the claims against defendant Scamurra be dismissed as improperly joined, including those which may have been previously raised in the original complaint.

4

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Uh1664.dis