UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>R. SINGH, et al.,<br><br>　　　　　Defendants. | No.  2: 20-cv-1664 TLN KJN P<br><br><br><br>ORDER |

　　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  On October 7, 2021, the undersigned recommended that this action be dismissed.  (ECF No. 52.)  For the reasons stated herein, these findings and recommendations are vacated.

　　　　On August 10, 2021, defendant filed a summary judgment motion and a motion to stay discovery.  (ECF Nos. 49, 50.)  Plaintiff failed to oppose defendant's motions.  Accordingly, on September 13, 2021, the undersigned granted plaintiff thirty days to file an opposition to defendant's summary judgment motion.  (ECF No. 51.)

　　　　On September 20, 2021, the September 13, 2021 order was returned unserved on plaintiff and marked "refused."  On September 23, 2021, the Clerk of the Court re-served plaintiff with the September 13, 2021 order.  On October 5, 2021, the September 13, 2021 order was again returned unserved on plaintiff and marked "refused."  Accordingly, on October 7, 2021, the undersigned

1

recommended that this action be dismissed and vacated defendant's motion for summary judgment and motion to stay discovery. (ECF No. 52.)

On October 18, 2021, plaintiff filed objections to the October 7, 2021 findings and recommendations and a motion for appointment of counsel. (ECF No. 53.) Plaintiff alleges that he was placed in a mental health crisis bed in August 2021. Plaintiff alleges that while in the mental health crisis bed, he was denied access to his legal materials and writing pens.

Good cause appearing, the October 7, 2021 findings and recommendations are vacated. Based on plaintiff's ability to prepare the October 18, 2021 objections, it appears that plaintiff is no longer housed in a mental health crisis bed and is able to prosecute this action.

Turning to plaintiff's request for appointment of counsel, district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREB ORDERED that:
1. The October 7, 2021 findings and recommendations are vacated;
2. Defendant's summary judgment motion and motion to stay discovery (ECF Nos. 49, 50) are reinstated;

3. Defendant shall re-serve plaintiff with the motion for summary judgment and motion to stay discovery within five days of the date of this order; defendant shall file proof of re-service within that time;

4. Plaintiff is granted thirty days from the date of this order to file his opposition to defendant's summary judgment motion and motion to stay discovery; failure to oppose defendant's summary judgment motion will result in a recommendation that this action be dismissed;

5. Plaintiff's motion for appointment of counsel (ECF No. 53) is denied.

Dated:  October 22, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Uh1664.vac