UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU, | No. 2: 20-cv-1664 TLN KJN P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| R. SINGH, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendant's motion for summary judgment for failure to exhaust administrative remedies and defendant's motion to stay discovery. (ECF Nos. 49, 50.) Also pending are plaintiff's requests to stay defendant's summary judgment motion. (ECF Nos. 57, 61.)

    For the reasons stated herein, the undersigned recommends that defendant's summary judgment motion be granted and plaintiff's requests to stay be denied. The undersigned denies defendant's motion to stay discovery as unnecessary.

Legal Standard for Summary Judgment

    Summary judgment is appropriate when it is demonstrated that the standard set forth in Federal Rule of Civil Procedure 56 is met. "The court shall grant summary judgment if the

1

movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

> Under summary judgment practice, the moving party always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting then-numbered Fed. R. Civ. P. 56(c)). "Where the nonmoving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." Nursing Home Pension Fund, Local 144 v. Oracle Corp. (In re Oracle Corp. Sec. Litig.), 627 F.3d 376, 387 (9th Cir. 2010) (citing Celotex Corp., 477 U.S. at 325); see also Fed. R. Civ. P. 56 advisory committee's notes to 2010 amendments (recognizing that "a party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact"). Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. at 323.

Consequently, if the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually exists. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). In attempting to establish the existence of such a factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material in support of its contention that such a dispute exists. See Fed. R. Civ. P. 56(c); Matsushita, 475 U.S. at 586 n.11. The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248

(1986); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, see Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987), overruled in part on other grounds, Hollinger v. Titan Capital Corp., 914 F.2d 1564, 1575 (9th Cir. 1990).

In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 630. Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments).

In resolving a summary judgment motion, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c). The evidence of the opposing party is to be believed. See Anderson, 477 U.S. at 255. All reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party. See Matsushita, 475 U.S. at 587; Walls v. Central Costa County Transit Authority, 653 F.3d 963, 966 (9th Cir. 2011). Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita, 475 U.S. at 586 (citation omitted).

By contemporaneous notice provided on April 30, 2021 (ECF No. 40) and August 10, 2021 (ECF No. 49-1), plaintiff was advised of the requirements for opposing a motion brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Rand v. Rowland, 154 F.3d

3

952, 957 (9th Cir. 1998) (*en banc*); Klingele v. Eikenberry, 849 F.2d 409 (9th Cir. 1988).

Legal Standard for Administrative Exhaustion

Because plaintiff is a prisoner suing over the conditions of his confinement, his claims are subject to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a). Under the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); Porter v. Nussle, 534 U.S. 516, 520 (2002) ("§ 1997e(a)'s exhaustion requirement applies to all prisoners seeking redress for prison circumstances or occurrences"). "[T]hat language is 'mandatory': An inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies." Ross v. Blake, 136 S. Ct. 1850, 1856 (2016) (citations omitted). However, "inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 549 U.S. 199, 216 (2007). Instead, "the defendant in a PLRA case must plead and prove nonexhaustion as an affirmative defense," and it is the defendant's burden "to prove that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Albino v. Baca, 747 F.3d 1162, 1171-72 (9th Cir. 2014) (en banc) (citations omitted).

Plaintiff's Opposition/Access to Legal Property

On November 1, 2021, plaintiff filed an opposition to defendant's summary judgment motion. (ECF No. 57.) In the opposition, plaintiff alleged that he was in a mental health crisis bed and that his legal property was confiscated on August 11, 2021. (Id. at 1-2.)

On November 15, 2021, the undersigned ordered defendant to inform the court of the status of plaintiff's access to his legal property regarding the instant action, including at the present time and when he filed his opposition to defendant's summary judgment motion. (ECF No. 59.) If plaintiff did not have access to his legal property, the undersigned ordered defendant to inform the court when prison officials anticipated plaintiff would have access to his legal property. (Id.)

////

On November 17, 2021, defendant filed a response to the November 15, 2021 order. (ECF No. 60.) Defendant states that plaintiff is in a mental health crisis bed. (Id. at 3.) Defendant states that plaintiff was not allowed to have property in his cell, including legal property, at the time he filed his opposition to defendant's summary judgment motion. (Id.) However, plaintiff was allowed to leave his cell to have access to his legal property and complete work, but refused to do so and would not respond to staff who offered him this opportunity. (Id.) Plaintiff also refused to accept legal mail. (Id.)

In response to defendant's inquiry, clinicians agreed to allow plaintiff to have one cubic foot of legal property in his cell. (Id.) However, plaintiff refused the offer. (Id.) Plaintiff's institution informed defendant that plaintiff continues to have the option to come out of his cell to complete legal work and may have one cubic foot of legal property within his cell. (Id.)

Based on the information in defendant's November 17, 2021 pleading, the undersigned finds that plaintiff had access to his legal property at the time he prepared his opposition to defendant's summary judgment motion. The undersigned also finds that plaintiff has access to his legal property at the present time. Accordingly, the undersigned herein considers the merits of defendant's summary judgment motion.

Plaintiff's Claims

This action proceeds on plaintiff's amended complaint filed January 6, 2021 against defendant dentist Michael Scamurra.[1] (ECF No. 20.) The alleged deprivations occurred at the California Health Care Facility ("CHCF"). (Id. at 1.) Plaintiff alleges that defendant Scamurra denied plaintiff's request for emergency dental treatment for plaintiff's ruptured and torn crown in violation of the Eighth Amendment. (Id. at 7.) Plaintiff alleges that as a result of not receiving emergency dental treatment, his tooth became infected. (Id.) Plaintiff also alleges that he suffers pain as a result of not receiving emergency dental treatment. (Id.)

////

////

---

[1] The other claims raised in the amended complaint were dismissed as improperly joined pursuant to Federal Rule of Civil Procedure 20. (ECF No. 34.)

5

Clarification of Date of Alleged Deprivations

The January 6, 2021 amended complaint does not identify the date(s) when defendant Scamurra allegedly denied plaintiff's request for emergency dental treatment. In the original complaint, filed August 19, 2020, plaintiff alleged that he suffered from a torn and ruptured crown since January 14, 2020. (ECF No. 1 at 5.) Accordingly, the undersigned finds that the alleged deprivations occurred on or around January 14, 2020, or sometime after that date.

Defendant's Evidence

Plaintiff did not file a response to defendant's statement of undisputed facts. Accordingly, the undersigned herein discusses the evidence submitted by defendant in support of his argument that plaintiff failed to exhaust administrative remedies.

Defendant submitted the declaration of R. Hart, employed by the California Correctional Health Care Services ("CCHCS") in the Policy and Risk Management Services ("PRMS") division as the Acting Chief of the Health Care Correspondence and Appeals Branch ("HCCAB"). (ECF No. 49-4 at 1.) The HCCAB is the part of the CCHCS that provides oversight of medical, dental and mental health care appeals/grievances for adult inmate in the California Department of Corrections and Rehabilitation ("CDCR"). (Id.)

R. Hart states that in 2019, the health care grievance section was changed without regulatory effect and is now at Title 15, sections 3999.225-3999.237 of the California Code of Regulations. (Id. at 2.) Under these regulations, inmates may grieve complaints regarding health care policies, decisions, actions, conditions or omissions using a CDCR 602 HC form. (Id. at 2-3.) Such complaints are subject to two levels of review, an institutional level of review and a headquarters level of review. (Id. at 3.) Health care grievances are subject to a headquarters disposition before administrative remedies are deemed exhausted. (Id.)

R. Hart states that he conducted a review of inmate health care grievance records in the HCARTS database for plaintiff. (Id.) After reviewing plaintiff's grievance history, R. Hart found that beginning in 2018 and prior to filing this lawsuit on August 19, 2020, HCARTS records indicate that plaintiff submitted nine grievances regarding his health care at CHCF, but there is no record of plaintiff submitting any grievance regarding his claim that defendant Scamurra denied

6

him emergency dental treatment after plaintiff ruptured his crown on January 14, 2020. (Id.) R. Hart states that this claim was not addressed at the institutional or headquarters level of review. (Id.) R. Hart states that there is no record of plaintiff submitting any grievances regarding either Dr. Scamurra or his dental care prior to filing this lawsuit. (Id.)

Discussion

Defendant's evidence demonstrates that plaintiff did not file an administrative grievance regarding his claim alleging that defendant Scamurra denied him emergency dental treatment after plaintiff ruptured his crown on or around January 14, 2020.

In his unverified opposition, plaintiff contends that "defendant's name was included in my exhausted appeal." (ECF No. 57 at 3) However, plaintiff provides no evidence supporting his claim that he exhausted his appeal regarding his claims against defendant Scamurra. Plaintiff does not attach this appeal to the opposition. Plaintiff also provides no information regarding this appeal, such as the appeal number or the date he submitted this appeal. Accordingly, the undersigned finds that plaintiff's bare allegation that defendant's name was included in his exhausted appeal is not sufficient to create a disputed material fact as to whether plaintiff exhausted his claim against defendant Scamurra. See Otto v. Quinn, 2019 WL 4221090, at *4 (C.D. Cal. June 6, 2019) (finding that plaintiff's "conclusory and unsupported assertion that he exhausted administrative remedies is insufficient to avoid summary judgment.").

Plaintiff also contends that he previously submitted documentation of the CHCF medical staff's deplorable record keeping. (ECF No. 57 at 3.) Plaintiff may be arguing that he submitted a grievance but it was lost due to allegedly deplorable record keeping. However, the undersigned finds that plaintiff's bare allegation of deplorable record keeping is not sufficient to overcome defendant's evidence that he failed to submit a grievance regarding his claims against defendant Scamurra. Cf. Dennis v. Castrillo, 2021 WL 5165219, at *4 (E.D. Cal. Nov. 5, 2021) ("In the absence of something more than bare allegations, plaintiff cannot be found to have created a genuine dispute of fact over whether the grievance system was unavailable to him.")

Plaintiff also contends that defendants confiscated his legal materials. (Id.) Plaintiff may be arguing that defendant or CHCF prison officials confiscated his legal materials related to

administrative exhaustion. However, plaintiff offers no specific allegations in support of this claim. As discussed above, defendant provided evidence that plaintiff has access to his legal materials but chose not to review these materials prior to preparing his opposition. For these reasons, the undersigned is not persuaded by plaintiff's claim that his legal materials were confiscated.

Defendant's unopposed evidence demonstrates that plaintiff failed to submit an administrative grievance regarding his claim for inadequate dental care against defendant Scamurra. Because plaintiff failed to exhaust administrative remedies, defendant's summary judgment motion should be granted.

Plaintiff's Requests to Stay Defendant's Summary Judgment Motion

In his opposition to defendant's summary judgment motion and in his separately filed motion to stay[2], plaintiff requests that defendant's summary judgment motion be stayed so that he may conduct discovery. The undersigned construes these requests as having been brought pursuant to Federal Rule of Civil Procedure 56(d).

Rule 56(d) provides that the court may defer or deny ruling on a summary judgment motion where the non-moving party shows by affidavit or declaration that, "for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). In order to gain a continuance under Rule 56(d), plaintiff must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment. Tatum v. City and County of Sacramento, 441 F.3d 1090, 1100 (9th Cir. 2006).

In his opposition, plaintiff argues that discovery is necessary for him to prevail. (ECF No. 57 at 2.) However, plaintiff does not describe the discovery he needs to conduct. It is unclear whether plaintiff is claiming that he requires further discovery to oppose the pending summary judgment related to administrative exhaustion or whether he requires discovery regarding the merits of this case. Plaintiff's request to stay discovery does not show the specific reasons plaintiff cannot present essential facts nor does it identify the specific facts further discovery

---

[2] Plaintiff's motion to stay may also be construed as an opposition to defendant's motion to stay discovery.

would reveal. Accordingly, plaintiff's request to stay discovery contained in his opposition should be denied for failing to comply with Rule 56(d).

In his motion to stay, plaintiff first argues that defense counsel failed to submit plaintiff's CDCR 7362 forms against defendant Scamurra. (ECF No. 61 at 2.) A CDCR 7362 form is a Health Care Services Request Form. Cal. Code Regs., tit. 15, § 3999.303(b)(2). Plaintiff has not demonstrated the relevance of his Health Care Services Request Forms to the issue of administrative exhaustion. Defendant's evidence indicates that a Health Care Services Request Form is not part of the administrative grievance process. (ECF No. 49-4 at 2-3.) Accordingly, plaintiff's request to stay defendant's summary judgment motion so that plaintiff may seek the CDCR 7362 forms through discovery should be denied.

In the motion to stay, plaintiff also argues that defense counsel was "well aware that plaintiff's exhausted appeal did not have to set forth legal theories or cover each element of the legal claim, as long as it included enough information to put prison medical staff on notice of what happened, the nature of the issue, and the relief sought." (ECF No. 61 at 2.) Plaintiff appears to argue that defendant's summary judgment motion should be stayed so that plaintiff may conduct discovery in order to obtain his exhausted grievance raising his claims against defendant Scamurra.

In seeking relief under Rule 56(d), the moving party bears the burden of specifically identifying relevant information, where there is some basis for believing that the information actually exists, and demonstrating that the evidence sought actually exists and that it would prevent summary judgment. Blough v. Holland Realty, Inc., 574 F.3d 1084, 1091 n.5 (9th Cir.2009) (quotation marks and citation omitted).

In the motion to stay, and in his opposition to defendant's summary judgment motion, plaintiff provides no information regarding his allegedly exhausted grievance, such as when it was filed or the grievance number. As discussed above, defendant provided evidence that beginning in 2018 through August 19, 2020, there is no record of plaintiff submitting any grievances regarding defendant Scamurra or his dental care. Based on this record, the undersigned finds that plaintiff has not sufficiently demonstrated that there is some factual basis

for believing that his grievance exhausting his claims against defendant Scamurra exists. Accordingly, plaintiff's motion to stay defendant's summary judgment motion so that he may conduct discovery in order to obtain this grievance should be denied.

    For the reasons discussed above, plaintiff's motion to stay defendant's summary judgment motion should be denied.

<u>Defendant's Motion to Stay Discovery</u>

    Defendant moves to stay merits-based discovery pending adjudication of the motion for summary judgment based on failure to exhaust administrative remedies. (ECF No. 50.) Because the undersigned recommends that defendant's summary judgment motion be granted, defendant's motion to stay discovery is denied as unnecessary.

    Accordingly, IT IS HEREBY ORDERED that defendant's motion to stay discovery (ECF No. 50) is denied; and

    IT IS HEREBY RECOMMENDED that:

1. Defendant's summary judgment motion (ECF No. 49) be granted;
2. Plaintiff's requests to stay defendant's summary judgment in order to conduct discovery, contained in his opposition and separately filed motion (ECF Nos. 57, 61), be denied.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: December 9, 2021

Uh1664.sj

                                                      /s/ Kendall J. Newman
                                                      KENDALL J. NEWMAN
                                                      UNITED STATES MAGISTRATE JUDGE