UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>          Plaintiff,<br><br>     v.<br><br>R. SINGH, et al.,<br><br>          Defendants. | No. 2: 20-cv-1664 TLN KJN P<br><br><br>ORDER |

   Plaintiff is a state prisoner, proceeding pro se, with a civil rights action pursuant to 42 U.S.C. § 1983.  For the reasons stated herein, plaintiff is granted twenty-one days from the date of this order to file objections to the December 10, 2021 findings and recommendations.  No further extensions of time to file objections will be granted.

   On December 10, 2021, the undersigned recommended that defendant's summary judgment motion on the grounds that plaintiff failed to exhaust administrative remedies be granted.  (ECF No. 63.)  Plaintiff was granted fourteen days to file objections.  (Id.)  Plaintiff did not file objections.  On January 26, 2022, the Honorable Troy L. Nunley adopted the December 10, 2021 findings and recommendations and judgment was entered.  (ECF Nos. 64, 65.)

   Pursuant to the mailbox rule, on January 28, 2022, plaintiff filed a motion for appointment of counsel.  (ECF No. 66 at 3.)  Plaintiff alleged that he transferred to the California Medical Facility ("CMF") on December 14, 2021.  (Id. at 2.)  Plaintiff alleged that he received the

1

December 10, 2021 findings and recommendations "well after" the fourteen days to file objections passed. (Id.) Plaintiff alleged that he was being denied access to his legal property. (Id.)

On July 14, 2022, Judge Nunley vacated the January 26, 2022 order and judgment. (ECF No. 67.) Judge Nunley granted plaintiff fourteen days to file objections to the December 10, 2021 findings and recommendations. (Id.) Judge Nunley ordered that if plaintiff did not have access to his legal property, he shall inform the court within that time. (Id.) Judge Nunley also denied plaintiff's motion for appointment of counsel. (Id.)

On September 12, 2022, plaintiff's objections were filed on the court docket. (ECF No. 68.) Plaintiff alleges that on May 25, 2022, he transferred from CMF to Mule Creek State Prison ("MCSP"). (Id. at 1.) Plaintiff alleges that he "just received" the July 14, 2022 order on July 26, 2022. (Id.) Plaintiff alleges that he is being denied access to his legal property at MCSP. (Id. at 1-2.) Plaintiff's objections do not address the merits of the December 10, 2021 findings and recommendations.

Plaintiff signed his objections on July 27, 2022. (Id. at 2.) The proof of service attached to the objections states that plaintiff mailed the objections on July 27, 2022. (Id. at 86.) Pursuant to the mailbox rule, plaintiff's objections are deemed filed on July 27, 2022. See Houston v. Lack, 487 U.S. 266, 270-72 (1988) (deeming notice of appeal to be "filed" when prisoner delivers it to prison authorities for forwarding to the district court); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) ("Houston mailbox rule applies to § 1983 suits filed by pro se prisoners."). Therefore, plaintiff's objections were filed within fourteen days of the July 14, 2022 order.[1]

The undersigned is troubled by the unexplained delay between the date plaintiff mailed his objections and the date they were received by the court. The undersigned also observes that records from the California Department of Corrections ("CDCR") reflect that plaintiff has been transferred back to CMF from MCSP. Plaintiff failed to notify the court of this change of address, as well as his change of address when he transferred to MCSP, as required by Local Rule

---

[1] The exhibits attached to plaintiff's objections pre-date July 27, 2022.

2

182(f).

Plaintiff's claim in his objection that he is being denied access to his legal property at MCSP is moot because plaintiff is no longer housed at MCSP.

In an abundance of caution, plaintiff is granted twenty-one days from the date of this order to file objections addressing the merits of the December 10, 2021 findings and recommendations. No further extensions of time to file objections will be granted.

Accordingly, IT IS HEREBY ORDERED that plaintiff is granted twenty-one days from the date of this order to file objections addressing the merits of the December 10, 2021 findings and recommendations. No further extensions of time to file objections will be granted.

Dated: October 12, 2022

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Uh1664.eot

3