UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO UHURU,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>R. SINGH, et al.,<br><br>　　　　Defendants. | No.  2:20-cv-01664-TLN-KJN<br><br>**ORDER** |

　　　　Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On December 10, 2021, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days.  (ECF No. 63.)  Plaintiff has filed objections to the findings and recommendations.  (ECF No. 72.)  Defendant filed a response to plaintiff's objections.  (ECF No. 73.)

　　　　In his objections, Plaintiff alleges that his legal property has been confiscated since August 11, 2021.  (ECF No. 72 at 2.)  As observed by Defendant in the response to Plaintiff's objections, on November 15, 2021, the magistrate judge ordered Defendant to respond to Plaintiff's claim that he was in a mental health crisis bed and his legal materials were confiscated

1  on August 11, 2021.  (ECF No. 59.)  On November 17, 2021, Defendant informed the Court that
2  Plaintiff was in a mental health crisis bed.  (ECF No. 60.)  Defendant stated that Plaintiff was not
3  allowed to have his property in his cell, including legal property.  (*Id.*)  However, Plaintiff was
4  allowed to leave his cell to have access to his legal property and complete his legal work.  (*Id.*)  In
5  response to defense counsel's inquiry, clinicians agreed to allow Plaintiff to have one cubic foot
6  of legal property in his cell.  (*Id.*)  However, Plaintiff refused the offer.  (*Id.*)

In the December 10, 2021, findings and recommendations addressing Defendant's summary judgment motion, the magistrate judge found that Plaintiff had access to his legal property at the time he prepared his opposition to Defendant's summary judgment motion.  (ECF No. 63.)  The magistrate judge also found that Plaintiff had access to his legal property at the present time.  (*Id.*)

Based on the discussion above, the Court finds that Plaintiff's claim in his objections that his legal property has been confiscated since August 11, 2021 is unsupported.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, the Court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed December 10, 2021, are ADOPTED IN FULL;

2. Defendant's summary judgment motion (ECF No. 49) is GRANTED; and

3. Plaintiff's requests to stay Defendant's summary judgment in order to conduct discovery, contained in his opposition and separately filed motion (ECF Nos. 57, 61) are DENIED.

**DATED: December 15, 2022**

_____
Troy L. Nunley
United States District Judge

2